# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 2:18-cr-00225-08

MICHAEL RHODES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Motion to Sever Defendant Michael Rhodes* (Document 629), wherein Mr. Rhodes contends that the case presents "incurable *Bruton* issues as well as unjustifiable spillover prejudice resulting from the government's decision to charge multiple, separate conspiracies in a single indictment." (Mot. 629 at 1.) (citing *Bruton v. United States*, 391 U.S. 123, 135-36 (1968)).

Mr. Rhodes states his understanding that the United States intends to offer a confession by co-Defendant Michael Holley, which names Mr. Rhodes. He argues that prejudice can be avoided only through severance. In addition, Mr. Rhodes contents that "there appears to be no connection between Mr. Rhodes and co-defendants Edmonds, Terry, Hoyler, Land, Atkinson, Eldred, Payne, and potentially other unindicted co-conspirators." (Mot. 629 at 2.)

The Court has also reviewed the *United States Response to Motion to Sever* (Document 649). The United States argues that Mr. Rhodes, who is charged in Count One with conspiracy to distribute methamphetamine and in Count 12 with possession with intent to distribute

methamphetamine, has not shown that actual prejudice would result from a joint trial. It cites the presumption that cases indicted together should be tried together. It argues that this case involves one conspiracy, and to the extent some evidence is not applicable to Mr. Rhodes, a jury will easily be able to distinguish evidence associated with Defendants "involved in the supply end of the distribution stream" from Defendants like Mr. Rhodes, who are alleged to have been involved with distribution. (Resp. 649 at 5.) The United States further indicates that it will not introduce Mr. Holley's confession in a form that names or implicates Mr. Rhodes.

Rule 14 of the Federal Rules of Criminal Procedure provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). However, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. The Supreme Court has noted that Rule 14 "leaves the tailoring of the relief to be granted [to alleviate prejudice], if any, to the district court's sound discretion." *Id.* Severance of either defendants or counts joined in an indictment is disfavored absent a showing of prejudice "because the prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding." *United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008).

The United States has stipulated that it will not introduce co-defendant statements in a manner that implicates other defendants. Mr. Rhodes does not cite additional specific facts or evidence that could lead to unfair prejudice. He contends that the allegations against him are less serious than those against some of the other Defendants, and that he is not connected to some co-Defendants. In a conspiracy case, it is not unusual for defendants to have differing degrees of culpability or for some defendants to have direct relationships with limited numbers of conspirators. A joint trial efficiently presents a full picture of the conspiracy to a jury. Joint trials preserve judicial economy and reduce the risk of inconsistent results. *United States v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012). To the extent any potentially unfairly prejudicial or confusing evidence or testimony is produced, objections during trial and limiting instructions will suffice to ensure that each Defendant, including Mr. Rhodes, receives a fair trial.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Motion to Sever Defendant Michael Rhodes* (Document 629) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: January 30, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA